UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TALMADGE DERRELL BARNES,

    *Petitioner,*                      CRIM. CASE NO: 1:16-cr-20387
                                           CIV. CASE NO: 1:19-cv-11774
v.                                 DISTRICT JUDGE THOMAS L. LUDINGTON
                                           MAGISTRATE JUDGE PATRICIA T. MORRIS

UNITED STATES OF AMERICA,

    *Respondent.*
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE and
RESPONDENT'S MOTION TO DISMISS
(R. 82, 87)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion to vacate (R.82) be **DENIED** and that the civil case be **DISMISSED** and that Respondent's motion to dismiss (R.87) be **DENIED**.

**II.    REPORT**

    **A.    Introduction**

Pursuant to a Rule 11 plea agreement, Petitioner pleaded guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). (R.48.) A sentencing hearing was held and on June 2, 2017, judgment entered sentencing Petitioner to 145 months incarceration and three years supervised release. (R.61.) Petitioner filed a pro se appeal, the government moved to dismiss the appeal, and the Sixth Circuit granted the government's motion to dismiss on March 6, 2018. (R.79.) On June 6, 2019, Petitioner filed the instant motion to vacate under 28 U.S.C. § 2255. (R.82.) Respondent filed a motion to dismiss the Petition as untimely in lieu of a response

on July 9, 2019. (R.87.) After an extension, Petitioner replied to Respondent's motion on September 5, 2019. (R.91.) The instant motions have been referred to the undersigned (R.85, 90) and are ready for report and recommendation.

    **B.    Law and Analysis**

        **1.    Timeliness (Respondent's Motion to Dismiss, R.87)**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), established a one-year statute of limitations on § 2255 petitions, which begins to run on the latest of four possible dates. 28 U.S.C. § 2255(f). It usually runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a 2255 petitioner does not file an appeal, the judgment of conviction is final when the time for filing a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002). According to Federal Rule of Appellate Procedure 4(b)(1), a defendant has fourteen days from the entry of judgment to file a notice of appeal. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013). When a petitioner appeals to the Sixth Circuit, the appeal is dismissed, and there is no evidence that the petitioner sought a writ of certiorari to the United States Supreme Court, "§ 2255's one-year limitation period begins to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). Where there is no evidence that a writ of certiorari was pursued, the limitation period becomes one year after the time for seeking certiorari expired, *i.e.*, one year and 69 days after the appeals court issued its mandate or one year and 90 days after the court of appeals entered its judgment. *Id.*

The one-year period can also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Since Petitioner is a prisoner, the motion is considered filed "at the time the petitioner delivered it to prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988).

In the instant case, Petitioner's appeal was dismissed on March 6, 2018 (R.79) and no mandate issued. Accordingly, the motion to vacate should have been filed within one year and 90 days after the Sixth Circuit's judgment entered, *i.e.*, by June 4, 2019. As the government notes, the Petitioner twice certifies that the motion was placed in the prison mailing system on June 5, 2019. (R.82 at PageID.414, 431.) Stamps on the envelope indicate that the motion was mailed on June 5, 2019, received in the Bay City federal courthouse on June 6, 2019, and received in the Clerk's Office of the Detroit federal courthouse on June 13, 2019. (R.82 at PageID.432.) In his reply, Petitioner explains that he does not type and that he "hand dated his standard 2255 form 'June 3, 2019' and placed that, along with a typed memorandum, which he did not type himself, in the prison mail system on June 3, 2019" and that he "failed to note the typographical error on the Memorandum, but notes that his original standard form shows the date of June 3, 2019[.]" (R.91 at PageID.447.) The problem with Petitioner's rendition is that the 2255 form itself, which he hand-dated, also lists June 5, 2019, as the date the form was placed in the prison mailing system. (R.82 at PageID.414.) On the other hand, it would be somewhat of a miracle of efficiency for Petitioner's memorandum to have been received on June 5, typed by another person on June 5, placed in the prison mail system, and placed in the hands of the United States Postal Service on

3

June 5 as well. Since it was received at the Bay City courthouse the next day, June 6, 2019, it would have to have been placed in the hands of the postal system on or before June 5, 2019. Because there appears to be an arguable factual issue surrounding when Petitioner actually placed the motion in the prison mail system, I recommend denying the motion to dismiss (R.87) and addressing the substantive issues raised.

### 2. Petitioner's Motion to Vacate (R.82)

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (*quoting United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)). Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an

objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

5

Where a claim for ineffective assistance of counsel is brought following a guilty plea, the "prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *Utley v. United States*, 2016 WL 337750, at *6 (E.D. Mich. Jan. 28, 2016) (Lawson, J.) (*quoting Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id*. (citations omitted). However, the Supreme Court has explained that "'*Hill* does not, however, provide the sole means for demonstrating prejudice' . . . . [P]rejudice may lie where a petitioner demonstrates that counsel's deficient performance infected his decisionmaking process, and thus undermines confidence in the outcome of the plea process." *Rodriguez-Penton v. United States*, 905 F.3d 481, 487-88 (6th Cir. 2018) (*quoting Missouri v. Frye*, 566 U.S. 134, 141-42 (2012) and *citing Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)).

In the instant case, Petitioner claims his attorney was ineffective because he: (1) advised Petitioner "that he must plead guilty to being a career offender, even though there were valid defenses to be asserted to that classification"; (2) failed "to carefully investigate the evidence presented to him by the government"; (3) failed "to properly prepare for the sentencing hearing"; and (4) failed "to adduce the correct quantity of cocaine base." (R.82.) Petitioner does not further explain or flesh out any facts to support these allegations beyond the bare assertions quoted above. Petitioner does not even state which of the convictions used to designate him as a career offender he alleges would not support such a designation.

These "bare allegations listed in Movant's §2255 motion (ECF No.1) are conclusory and fail under the *Strickland* two-prong test." *Wade v. United States*, 2015 WL 4475609, at *3 (W.D.

6

Mich. July 21, 2015). In addition, such bare assertions "fail[] to provide any factual support for this claim in violation of Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Court." *Parks v. United States*, 2013 WL 427256, at *5 (E.D. Tenn. Feb. 4, 2013); *see also Livesay v. United States*, 2019 WL 2110509, at *4 (E.D. Tenn. May 14, 2019) ("Bald assertions do not suffice to carry the burden; factual support must be given.").

Petitioner does not claim that his plea was made unknowingly or involuntarily. Petitioner does not even allege that but for his counsel's failures, he would have proceeded to trial. Thus, Petitioner's assertions do not even facially state sufficient prejudice to obtain relief under § 2255. *See Hill*, 474 U.S. at 59; *Rodriguez-Penton*, 905 F.3d at 487-88; *Utley*, 2016 WL 337750, at *6. Since Petitioner has failed to even assert prejudice, I need not address whether counsel was constitutionally insufficient; however, in reviewing the docket and transcripts, I find no reason to suggest that counsel's performance fell below the standard.

In addition, the record belies any claims that Petitioner was mislead or unaware of the potential consequences of his plea. (R.54.) When asked whether he had sufficient time to go over the plea agreement with his attorneys, Petitioner indicated that "there have been several modifications; but, yeah, I feel pretty comfortable with our decision." (R.54 at PageID.249.) Petitioner was told many times that if he had any questions, he should bring them before the court that day and Petitioner indicated that he would. (R.54 at PageID.250.) After the Assistant United States Attorney (AUSA) went over the provisions of the plea agreement, and Petitioner was asked if he heard anything that surprised him, Petitioner responded, "It didn't surprise me because she discussed it with me. I just kind of asked her for a little brief more clarity on the aspect of the points scoring." (R.54 at PageID.257-58.) The AUSA clarified the scoring and the Court went over

the scoring with Petitioner as well, then Petitioner's attorney also explained the scoring, and the AUSA agreed with all the clarifications made. (R.54 at PageID.258-61.) When asked whether all the explanations made sense to him, Petitioner responded, "Yes, yes, ma'am." (R.54 at PageID.261.) The Court went over the appellate waiver provisions and once again, advised Petitioner to ask any questions that he had at that time, and Petitioner indicated that he would. (R.54 at PageID.262-63.) The Court then advised Petitioner of the sentencing judge's powers and assured the voluntariness of his plea, then his lawyer questioned him as to the factual basis. (R.54 at PageID.264-66.) Petitioner then pleaded guilty. (R.54 at PageID.266.) Petitioner's sworn statements as to his understanding of the plea agreement, the possible consequences, the rights he had and those he indicated he would be willing to give up, and the voluntariness of his plea, cannot be undone with such conclusory assertions as stated in Petitioner's motion. *Warfield v. United States*, 2011 WL 4436520, at *5 (W.D. Ky. Aug. 19, 2011) (Petitioner's "ineffective assistance claim fails because his bare assertions in support are not credible in light of his sworn statements during the change of plea hearing." (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977))).

For all the reasons stated above, I recommend that Petitioner's motion to vacate sentence (R.82) be denied.

### C. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348

F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words "grant a prompt hearing" are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### D. Conclusion

For all the reasons stated above, I recommend that the Court deny Petitioner's motion to vacate sentence. (R.82.)

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y*

*of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 12, 2019    S/ PATRICIA T. MORRIS
                             Patricia T. Morris
                             United States Magistrate Judge


**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent to Talmadge Derrell Barnes #54698-039 at Allenwood Medium Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 2000, White Deer, PA 17887.

Date: September 12, 2019    By s/Kristen Castaneda
                             Case Manager