UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 16-cr-20387

v.                                        Honorable Thomas L. Ludington

TALMADGE DERRELL BARNES,

        Defendant.

_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO DISMISS, AND DENYING MOTION TO VACATE SENTENCE

On May 25, 2016, Defendant Talmadge Derrell Barnes was indicted on one count of being a felon in possession of ammunition. ECF No. 1. On June 22, 2016, a superseding indictment was issued which contained the original count and added a count charging Barnes with being a felon in possession of a firearm. ECF No. 16. A second superseding indictment was issued on September 14, 2016, adding two additional counts: possession of crack cocaine and possession of marijuana. ECF No. 29.

Barnes eventually pleaded guilty to Count One. ECF No. 48. The sentencing guideline worksheet attached to the Rule 11 Plea Agreement provided that Barnes' base offense level was 14 for possessing more than 2.8 grams of cocaine base. ECF No. 48 at PageID.222. He also received a two-level enhancement for his possession of a dangerous weapon. However, he was determined to be a career offender, bringing his base offense level to 32. He received a three-level

reduction for acceptance of responsibility, resulting in a final base offense level of 29. His criminal history category was IV.

On June 19, 2017, he was sentenced to 145 months in custody and three years of supervised release. ECF No. 61. Barnes appealed his guilty plea, arguing that the plea was invalid because he did not understand its consequences. ECF No. 79. The Sixth Circuit ultimately determined that Barnes understood the consequences of the plea and dismissed the case. *Id.*

On June 6, 2019, Barnes filed a motion to vacate his sentence under 28 U.S.C. §2255. ECF No. 82. The motion was referred to Magistrate Judge Patricia T. Morris who recommended that Barnes's motion be dismissed. ECF No. 85. Barnes subsequently filed objections to Judge Morris's report. ECF No. 96. For the following reasons, the objections will be overruled and Judge Morris's recommendation adopted.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

## II.

Defendant contends that Judge Morris erred by recommending that his claim of ineffective assistance of counsel be dismissed. He argues that his counsel allegedly did not notify him that he would be classified as a career offender if he pleaded guilty. Defendant further argues that his counsel failed to contest the drug quantity within his plea agreement. Each objection will be addressed in turn.

### A.

As explained by Judge Morris in her report, Defendant testified that he had reviewed his plea agreement with counsel and agreed to its terms. Judge Morris's report provides:

> When asked whether he had sufficient time to go over the plea agreement with his attorneys, Petitioner indicated that "there have been several modifications; but, yeah, I feel pretty comfortable with our decision." (R.54 at PageID.249.) Petitioner was told many times that if he had any questions, he should bring them before the

court that day and Petitioner indicated that he would. (R.54 at PageID.250.) After the Assistant United States Attorney (AUSA) went over the provisions of the plea agreement, and Petitioner was asked if he heard anything that surprised him, Petitioner responded, "It didn't surprise me because she discussed it with me. I just kind of asked her for a little brief more clarity on the aspect of the points scoring." (R.54 at PageID.257-58.) The AUSA clarified the scoring and the Court went over the scoring with Petitioner as well, then Petitioner's attorney also explained the scoring, and the AUSA agreed with all the clarifications made. (R.54 at PageID.258-61.) When asked whether all the explanations made sense to him, Petitioner responded, "Yes, yes, ma'am." (R.54 atPageID.261.) The Court went over the appellate waiver provisions and once again, advised Petitioner to ask any questions that he had at that time, and Petitioner indicated that he would. (R.54 at PageID.262-63.) The Court then advised Petitioner of the sentencing judge's powers and assured the voluntariness of his plea, then his lawyer questioned him as to the factual basis. (R.54at PageID.264-66.) Petitioner then pleaded guilty. (R.54 at PageID.266.)

ECF No. 92 at PageID.456-57.

Defendant has not provided any evidence to discount his testimony from the guilty plea hearing. *Warfield v. United States*, 2011 WL 4436520, at *5 (W.D. Ky. Aug. 19, 2011) (Petitioner's "ineffective assistance claim fails because his bare assertions in support are not credible in light of his sworn statements during the change of plea hearing." (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977))). At the hearing, Defendant assured the Court multiple times that he understood the terms of the agreement. He cannot now claim that he did not know that he would be classified as a career offender when the plea agreement expressly stated that he was agreeing to this fact.

**B.**

Defendant further claims that his counsel was ineffective because his base offense level should have been lower. The plea agreement provided that his base offense level was 14 for possessing more than 2.8 grams of cocaine base. Defendant contends that this is erroneous because the law enforcement report from the underlying incident only attributed 1.79 grams of cocaine base to him. ECF No. 57-1. Defendant reasons that his base offense level should have been 12

rather than 14 due to the lower quantity. However, Defendant neglects to account for the fact that the law enforcement report also attributed Defendant with Alprazolam and 1.87 grams of marijuana. In the sentencing guideline report, these quantities were converted into cocaine base quantities and totaled more than 2.8 grams.

Additionally, whether Defendant's base offense level was 14 or 12 is immaterial to his sentence because he was deemed a career offender. This automatically brought his base offense level to 32.

## III.

In response to Defendant's motion to vacate his sentence, the Government filed a motion to dismiss, arguing that Defendant's motion was untimely. ECF No. 87. Judge Morris recommended denying the Government's motion because there appeared to be an arguable question of fact as to when Defendant placed his motion to vacate in the prison mail system. ECF No. 92 at PageID.453. The Government did not object to Judge Morris's recommendation. Its motion to dismiss will be denied.

## IV.

Before Defendant may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating

that…jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).

Defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. Furthermore, Defendant should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**V.**

Accordingly, it is **ORDERED** that Defendant's Objections to the Report and Recommendation, ECF No. 96, are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation, ECF No. 92, is **ADOPTED**.

It is further **ORDERED** that Defendant's Motion to Vacate Sentence, ECF No. 82, is **DENIED**.

It is further **ORDERED** that the Government's Motion to Dismiss, ECF No. 87, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: April 13, 2020     s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Talmadge Derrell Barnes** #54698-039, ALLENWOOD MEDIUM FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels P.O. BOX 2000, WHITE DEER, PA 17887 or first class U.S. mail on April 13, 2020.

                                                    s/Kelly Winslow
                                                  KELLY WINSLOW, Case Manager