UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

                                          Case No. 16-CR-20387

v

                                          Honorable Thomas L. Ludington
TALMADGE DERRELL BARNES,        Magistrate Judge Patricia T. Morris

    Defendant-Petitioner.
_____/

**ORDER DENYING RULE 59(e) MOTION TO SET ASIDE ORDER DISMISSING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**

On May 25, 2016, Petitioner Talmadge Derrell Barnes was indicted on one count of being a felon in possession of ammunition. ECF No. 1. On June 22, 2016, a superseding indictment was issued that contained the original count and added a count of being a felon in possession of a firearm. ECF No. 16. A second superseding indictment was issued on September 14, 2016, adding two additional counts: possession of cocaine base and possession of marijuana. ECF No. 29. On February 27, 2017, a one-count information was filed against Petitioner, charging him with one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. 841(a). ECF No. 49. Later the same day, Petitioner pled guilty to intent to distribute cocaine base as charged in the information. ECF No. 52

The sentencing guideline worksheet attached to Petitioner's Rule 11 Plea Agreement indicates that Petitioner's base offense level was 14 since he possessed more than 2.8 grams of cocaine base. ECF No. 48 at PageID.222. The Court assessed a two-level enhancement for his possession of a dangerous weapon and a three-level reduction for acceptance of responsibility.

However, because he was determined to be a career offender, Petitioner received a final base offense level of 29, with a category IV criminal history. *Id.*

On June 19, 2017, the Court sentenced Petitioner to 145 months in custody and three years of supervised release. ECF No. 61. Petitioner appealed his guilty plea, arguing that the plea was invalid because he did not understand its consequences. ECF No. 79. The Sixth Circuit ultimately determined that Petitioner understood the consequences of the plea and dismissed the case. *Id.*

On June 6, 2019, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 82. The motion was referred to Magistrate Judge Patricia T. Morris who recommended that Petitioner's motion be dismissed. ECF No. 85. Petitioner subsequently filed objections to Judge Morris's report. ECF No. 96. On April 13, 2020, the Court overruled Petitioner's objections, adopted Magistrate Judge Morris' report and recommendation, and entered judgment against Petitioner. ECF Nos. 97 and 98. Petitioner now moves this Court pursuant to Federal Rule of Civil Procedure 59(e) to set aside the Court's prior order dismissing Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 99.

"[T]he purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988). The grounds for amending a judgment are limited. "A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cty., TN*, 402 F. App'x. 107, 108 (6th Cir. 2010).

In his motion here, Petitioner fails to identify any clear errors of law, or any newly discovered evidence or changes in controlling law. Petitioner further fails to show that amending the judgment is necessary to prevent a manifest injustice. He instead attempts to relitigate the constitutional challenges raised in his § 2255 motion and his objections to Magistrate Judge Morris' report and recommendation.

Petitioner first argues that the Court failed to address his ineffective assistance of counsel claim. ECF No. 99 at PageID.490 (asserting that his counsel's "serious lapse of professional conduct" has gone "unaddressed"). In fact he reproduces two paragraphs that were previously included in his § 2255 motion. *Id.* However, both Magistrate Judge Morris and this Court specifically addressed Petitioner's ineffective assistance of counsel argument. ECF Nos. 92 and 97. As Magistrate Judge Morris previously found, a review of the sentencing transcript belies any assertion that Petitioner's counsel was deficient. ECF No. 92 at PageID.456. Magistrate Judge Morris also refuted Petitioner's allegation that he misunderstood the terms of his plea agreement:

> When asked whether he had sufficient time to go over the plea agreement with his attorneys, Petitioner indicated that "there have been several modifications; but, yeah, I feel pretty comfortable with our decision." (R.54 at PageID.249.) Petitioner was told many times that if he had any questions, he should bring them before the court that day and Petitioner indicated that he would. (R.54 at PageID.250.) After the Assistant United States Attorney (AUSA) went over the provisions of the plea agreement, and Petitioner was asked if he heard anything that surprised him, Petitioner responded, "It didn't surprise me because she discussed it with me. I just kind of asked her for a little brief more clarity on the aspect of the points scoring." (R.54 at PageID.257-58.) The AUSA clarified the scoring and the Court went over the scoring with Petitioner as well, then Petitioner's attorney also explained the scoring, and the AUSA agreed with all the clarifications made. (R.54 at PageID.258-61.) When asked whether all the explanations made sense to him, Petitioner responded, "Yes, yes, ma'am." (R.54 atPageID.261.) The Court went over the appellate waiver provisions and once again, advised Petitioner to ask any questions that he had at that time, and Petitioner indicated that he would. (R.54 at PageID.262-63.) The Court then advised Petitioner of the sentencing judge's powers and assured the voluntariness

of his plea, then his lawyer questioned him as to the factual basis. (R.54 at PageID.264-66.) Petitioner then pleaded guilty. (R.54 at PageID.266.)

ECF No. 92 at PageID.456-57.

The Sixth Circuit agreed with Magistrate Judge Morris' assessment, finding that "[t]he transcript of [Petitioner's] plea hearing establishes that the magistrate judge complied with Rule 11, that his waiver was knowing and voluntary, and that he understood the consequences of his waiver." ECF No. 79 at PageID.398. Further, as explained by this Court and Magistrate Judge Morris, Petitioner cannot obtain relief by relying on bare assertions of ineffective assistance. *Wade v. United States*, No. 1:14-CV-735, 2015 WL 4475609, at *3 (W.D. Mich. July 21, 2015). Petitioner nonetheless relies on the same bare assertions that have been rejected multiple times before.

Petitioner next argues that the Court ignored the alleged failure "to adduce the correct quantity of cocaine base." ECF No. 99 at PageID.492. Despite Petitioner's assertion, the Court specifically addressed this argument when it overruled his objections to Magistrate Judge Morris' report:

> Defendant further claims that his counsel was ineffective because his base offense level should have been lower. The plea agreement provided that his base offense level was 14 for possessing more than 2.8 grams of cocaine base. Defendant contends that this is erroneous because the law enforcement report from the underlying incident only attributed 1.79 grams of cocaine base to him. ECF No. 57-1. Defendant reasons that his base offense level should have been 12 rather than 14 due to the lower quantity. However, Defendant neglects to account for the fact that the law enforcement report also attributed Defendant with Alprazolam and 1.87 grams of marijuana. In the sentencing guideline report, these quantities were converted into cocaine base quantities and totaled more than 2.8 grams.

ECF No. 97 at PageID.481-82.

Moreover, since filing his § 2255 motion, Petitioner has failed to show that any of the purported deficiencies in the performance of his counsel or during the plea hearing prejudiced

him. As Magistrate Judge Morris found, "Petitioner's assertions do not even facially state sufficient prejudice." ECF No. 92 at PageID.456. Petitioner now alleges that the deficient plea hearing resulted in "structural error infecting the entire proceeding" but offers no legal support for his contention. ECF No. 99 at PageID.491. Petitioner cannot prevail on a Rule 59(e) motion by rearguing his case or raising arguments that could and should have been made previously. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Based on the foregoing, Petitioner has not shown that the order dismissing his motion to vacate his sentence contained any clear errors of law, nor has he shown any newly discovered evidence or changes in controlling law. Petitioner has further failed to show that amending the judgment is necessary to prevent manifest injustice. *C.f. Moore v. Coffee Cty., TN*, 402 F. App'x. 107, 108 (6th Cir. 2010). Petitioner's motion to set aside the order dismissing his motion to vacate his sentence under 28 U.S.C. § 2255 will therefore be denied.

Accordingly, it is **ORDERED** that Petitioner Talmadge Derrell Barnes' Rule 59(e) motion to set aside the order denying his motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 99, is **DENIED.**

                 s/Thomas L. Ludington  
                 THOMAS L. LUDINGTON  
                 United States District Judge  

Dated: August 20, 2020

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Talmadge Derrell Barnes #54698-039, Allenwood Medium Federal Correctional Institution, Inmate Mail/Parcels P.O. Box 2000, White Deer, PA 17887 by first class U.S. mail on August 20, 2020.

            s/Suzanne Gammon  
            SUZANNE GAMMON