UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 16-20387

v.                                            Honorable Thomas L. Ludington

TALMADGE DERELL BARNES,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE
AND FOR THE APPOINTMENT OF COUNSEL**

On February 27, 2017, Defendant Talmadge Derrell Barnes pled guilty to one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). ECF No. 48. He was sentenced to 145 months imprisonment. ECF No. 61. He is currently housed at Federal Correctional Institute, Allenwood Medium ("FCI Allenwood Medium") near Allenwood, Pennsylvania.

On October 13, 2020, Defendant sent a letter to this Court purporting to ask for the appointment of counsel. ECF No. 101. Upon closer examination, the letter is properly construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and for the appointment of counsel. For the reasons stated below, Defendant's Motion for Compassionate Release and for the Appointment of Counsel will be denied.

**I.**

The United States is facing an unprecedented challenge with the COVID-19 pandemic.

The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at *9.

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). On April 19, 2020, Defendant sent a request for compassionate release to the BOP, citing his fear of contracting COVID-19. ECF No. 101 at PageID.519. The BOP denied his request on April 28, 2020. *Id.* Accordingly, Defendant has exhausted his administrative remedies with the BOP.

**B.**

Ordinarily, the next step would be to consider whether "extraordinary and compelling reasons" warrant a reduction of Defendant's sentence. *Jones*, 980 F.3d at 1107–08. However, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021). Accordingly, this Court need not consider whether extraordinary and compelling reasons exist because, as explained below, a sentence reduction is not warranted by the applicable factors set forth in 18 U.S.C. § 3553. The factors are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> 
> (2) the need for the sentence imposed--

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "District judges maintain an 'obligation to provide reasons' in both sentencing-modification decisions, and traditional sentencing decisions." *Jones*, 980 F.3d at 1112.

> District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision. But as long as the record as a whole demonstrate that the pertinent factors were taken into account by the district court, a district judge need not specifically articulate its analysis of every single § 3553(a) factor.

*Id.* at *11 (internal quotations and citations omitted). Here, the two most pertinent factors are "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed." 18 U.S.C. §§ 3553(a)(1)–(2). Both weigh against a sentence reduction.

Defendant's Presentence Investigation Report ("PSR") reflects a troubling pattern of conviction, release, and recidivism. In 2005, at the age of 19, Defendant was convicted of delivery of marijuana and assault and battery. The following year, he was convicted of delivery of cocaine. He was later convicted of delivering cocaine again in 2009 and 2011. He was discharged from

custody for the 2011 conviction in January 2016. Five months later, in May 2016, Michigan State Police initiated a traffic stop of Defendant's vehicle after he failed to signal a turn. Police searched the vehicle and discovered marijuana, cocaine base, and a loaded pistol. He eventually pled guilty to the underlying offense: possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). ECF No. 48.

Based on his status as a career offender, Defendant was sentenced to 145 months imprisonment. ECF No. 61. He has served only a fraction of that sentence. Given his considerable criminal history and the seriousness of the underlying offense, early release would undermine the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."[1] 18 U.S.C. § 3553(a)(2)(A). Accordingly, compassionate release is not warranted at this juncture, and, by extension, Defendant's request for the appointment of counsel is moot.

## II.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release and for the Appointment of Counsel, ECF No. 101, is **DENIED**.

Dated: January 25, 2021  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

[1] This finding should not be construed as minimizing Defendant's substantial correctional programming. Since entering federal custody, Defendant has successfully completed drug treatment and numerous educational programs, earning the praise of prison officials. *See* ECF No. 101 at PageID.510–15. While Defendant's institutional conduct does not outweigh countervailing considerations under 18 U.S.C. § 3553, it is nonetheless commendable.

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Talmadge Derrell Barnes** #54698-039, ALLENWOOD MEDIUM FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 2000, WHITE DEER, PA 17887 by first class U.S. mail on January 25, 2021.

s/Kelly Winslow
KELLY WINSLOW, Case Manager