UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

    Case No. 1:16-cr-20387
    Honorable Thomas L. Ludington
    Magistrate Judge Patricia T. Morris

TALMADGE DERRELL BARNES,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On February 27, 2017, Defendant Talmadge Derrell Barnes pled guilty to one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). ECF No. 48. He was sentenced to 145 months imprisonment. ECF No. 61. He is currently housed at Federal Correctional Institute, Allenwood Medium ("FCI Allenwood Medium") in Pennsylvania.

In October 2020, Defendant sent a letter to this Court that was construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 101. Defendant sought release from federal custody based on his apparent susceptibility to the novel coronavirus ("COVID-19"). *Id.* at PageID.503. This Court did not reach the question of whether "extraordinary and compelling" reasons warranted a sentence reduction, because the factors set forth in 18 U.S.C. § 3553(a) weighed against a sentence reduction. *See United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) (establishing three-part test wherein courts must consider § 3553(a) factors); ECF No. 106 at PageID.556–57.

On August 9, 2021, Defendant filed a pro se motion for reconsideration, asking this Court to vacate its prior order and reduce his sentence to time served. ECF No. 107 at PageID.563–64. Defendant's Motion for Reconsideration will be denied for two reasons.

First, Defendant's Motion is untimely. Under Local Rule 7.1(h), "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). The Order Denying Defendant's Motion for Compassionate Release was entered on January 25, 2021—many months before Defendant's Motion for Reconsideration was filed.[1] Therefore, Defendant's Motion was not filed within 14 days, as required by Local Rule 7.1

Second, assuming his motion were timely, Defendant has not identified a sufficient basis for reconsideration. A motion for reconsideration will be granted only if the moving party shows "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

Defendant contends that there have been three COVID-related deaths of inmates at FCI Allenwood Medium—deaths that Defendant describes as "newly discovered evidence." *See* ECF No. 107 at PageID.560. Although Defendant accuses the Government of "conceal[ing]" these

---

[1] To the extent that Defendant believes that his circumstances have changed, the best course of action would be to file a new motion under 18 U.S.C. § 3582(c)(1)(A).

- 2 -

- 3 -

deaths from the Court, *id.*, he acknowledges that one of the deaths occurred in April 2021—months after his motion for compassionate release was denied, *id.* at 563. Moreover, FCI Allenwood Medium currently reports zero active infections of COVID-19, with a substantial number of inmates and staff having been fully vaccinated against the disease. *See COVID-19*, BOP, https://www.bop.gov/coronavirus/ [https://perma.cc/SKN5-CDFC] (last visited Aug. 16, 2021).

Later in his Motion, Defendant claims that his career offender designation is "over represent[ative]" of his crimes.[2] *Id.* at PageID.561. But Defendant's lenient view of his own misconduct does not persuade this Court to disregard the remainder of his 145-month sentence.

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 107, is **DENIED**.

Dated: August 19, 2021                                   s/Thomas L. Ludington
                                                                       THOMAS L. LUDINGTON
                                                                       United States District Judge

---

[2] Defendant nonetheless concedes that his career offender designation is proper as a matter of law. ECF No. 107 at PageID.563.